# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

UNITED STATES OF AMERICA  )

v.                        )      1:01-CR-093-IPJ-PWG

DARRYL NEGAIL MOORE     )


## AMENDED MEMORANDUM OF OPINION REGARDING ORDER
## GRANTING MOTION FOR REDUCTION OF SENTENCE

The movant, acting *pro se*, filed the above-styled motion, on April 9, 2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582, specifically pursuant to amendment # 706,[1] commonly called the crack amendment, effective  November 1, 2007, and made retroactive by USSG §1B1.10, effective March 3, 2008.[2]  The court finds by separate order that the motion for reduction of sentence based on the crack amendment should be GRANTED.

---

[1] In his motion, movant refers only to "Amendment 9."  This was the U. S. Sentencing Commission's (hereinafter the U.S.S.C) proposed amendment which became Amendment # 706 on November 1, 2007.

[2] The movant's motion as it pertains only to the criminal history computation amendment to which he refers as "Amendment 12," but which was Amendment 709 in the November 1, 2007, Supplement to Appendix C, is **DENIED** by separate order.  As will be discussed in more depth below, the amendments to the Sentencing Guidelines which are made retroactive can be found at U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).  Amendment 709 was not made retroactive in the November 1, 2007, Guidelines Manual.  Nor has it been made retroactive by subsequent action of the  U.S.S.C.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[3]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.  The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to

---

[3] At this point, the crack amendment had no retroactive application.

as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement applied to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #48) of Darryl Negail Moore to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 121-month sentence imposed upon movant under Count One which charged him with possession with intent to distribute 50 grams or more of cocaine base in violation of  21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[4] Moore pled guilty to the indictment, and he  was sentenced on December 13, 2001.[5] At the time the movant was sentenced, he was attributed with possession with intent to distribute in 246.4 grams of cocaine base (crack).   The May 1, 2001, guidelines manual set the base offense level for this amount of crack cocaine at level 34.

---

[4] The government filed an Information pursuant to 21 U.S.C. §851 which enhanced the penalty for count one to not less than 20 years (240 months) not more than Life.

[5] He was also charged and convicted in count two of possession of a firearm during and in relation to a drug trafficking offense (18 U.S.C. §924(c)(1)) and in count three with retaliating against a witness (18 U.S.C. § 1513(b)(2)). He was sentenced to 30 months consecutive in count two and 120 months in count three to be served concurrently with count one.

The following chart sets forth the application of the crack amendment to  the instant case:

| | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | **36** | **34** |
| **Criminal History Category** | **III** | **III** |
| **Imprisonment Range** | **240 - 293 months + 60 mo. (235-293 w/o 851)** | **240 months (188-235 w/o 851)** |
| **Departure** | **Court departed six levels to Level 30, III, 121-151 months.  The court chose a 50% reduction for the penalty in counts one and two.** | **Comparable reduction of six levels would be OL 28, III (97-121 mo.) for cts one & 3 plus 30 mo ct 2 consecutive** |
| **Sentence Imposed** | **121 months count one 120 mo ct three concurrent count two:  30 months cons. to all** | |
| **Designated Institution** | **Atlanta USP** | |
| **Institutional Adjustment** | **9/5/2007    possessing unauthorized item (tattoo gun) 2/21/2007 being unsanitary 5/22/2002 being absent from assignment 2/11/2002 refusing work/program assignment Has earned GED** | |
| **Projected Release Date** | **5/3/2012** | **apprx. May 2010** |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant originally faced a sentence in count one of 240 months;

2. the sentence imposed with the departure represented an approximately 50% reduction from the two statutes with the mandatory minimum penalties, i.e. count one and count two, to offense level 30, III, with a range of 121 to 151 months;

3. as computed in accordance with the amended guideline, without regard to the mandatory minimum, the bottom of the range is 188 months at offense level 34, III;

4. a comparable reduction in offense levels based on the departure would place the movant at offense level 28, III, with a range of 97 to 121 months;

5. there is a 24-month difference between the bottom of the two levels reached as a result of the departures (121 mo. - 97 mo. = 24);

6. movant has served approximately 6 years, 7 months (since 12/20/2001) of the originally imposed total sentence of 151 months (12 years, 7 months)

7. while movant's Sentry report indicates several relatively minor infractions during the past several years, they, together with movant's criminal history as reflected in the presentence report, do not indicate that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant.  Furthermore, this court concludes that the movant would have been sentenced at the low end of the offense level based on a comparable reduction in offense level  had the crack amendment been in effect at that time.

Therefore, in light of these considerations and after considering the factors set forth in 18 U.S.C. § 3553(a), this court hereby finds that the sentence in count one should be reduced to a term of **97 months**.[6] In so doing, the court finds that the movant has not overserved the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appears before this court pursuant to a petition for revocation of supervised release.  The six-year supervised release term imposed at sentencing begins immediately upon movant's release from custody.

A separate order will be entered.   Movant's attention is directed to the 'Notice Concerning Appeals" set out below.

---

[6]The court also finds that the concurrent sentence of 120 months in count three should be reduced to 97 months to be served concurrently with the sentence in count one since, otherwise, movant would receive no benefit from the reduction in the sentence of count one.  The 30-month sentence in count two consecutive to counts one and three is not changed.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding.  A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed.  The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

DONE this 11th day of June 2008.


INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE